```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

| | | |
|---|---|---|
| R.M., by and through his next friends, K.M. and B.M. | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5:06-152-JMH |
| v. | ) ) ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| BOYLE COUNTY SCHOOLS, et al., | ) ) | |
| Defendants. | ) | |

               \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Plaintiff's motion to strike the exhibit [Record No. 12] which is attached to Defendants' motion to dismiss [Record No. 7]. Defendant having responded and the time for Plaintiff's reply having passed, this matter is ripe for review.

On April 13, 2006, a meeting of the Boyle County Board of Education ("the Board") was held. During the meeting, the Board members went into closed session for the purpose of conducting an expulsion hearing as to Plaintiff. After conducting the expulsion hearing in closed session, the Board returned to regular session and voted to expel Plaintiff. Plaintiff's name and the Board's decision to expel are listed in the minutes of the Board's meeting; however, no additional personally identifying information or information regarding the closed session expulsion hearing are recorded in the minutes. Plaintiff contends that by stating his

name and the results of the disciplinary proceedings in which the Board voted to expel him, the minutes of the Board's April 13, 2006, meeting violate his privacy rights under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g,. It is on this premise that Plaintiff moves to strike the exhibit, which is the minutes of the Board's April 13, 2006, meeting.

Plaintiff is correct in his contention that student disciplinary records are education records protected from disclosure within the meaning of FERPA. *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (concluding that "[u]nder a plain language interpretation of the FERPA, student disciplinary records are education records because they directly relate to a student and are kept by that student's university"). Plaintiff's reliance on FERPA as a basis for striking the minutes of the Board meeting, however, is misplaced. There is no private right of action for violation of the FERPA, and this Court will not impose sanctions intended to be within the province of the Department and Secretary of Education. *See Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). Additionally, "FERPA's nondisclosure provisions further speak only in terms of institutional policy and practice, not individual instances of disclosure." *Id.* at 288 (citing 20 U.S.C. §§ 1232g(b)(1)-(2)). As Plaintiff acquiesces in his motion to strike, the FERPA does permit disclosure of disciplinary records in certain instances, however, whether or not the circumstances

surrounding the Board minutes meet the requirements for disclosure of disciplinary records is not an issue before the Court at this time.  See 20 U.S.C. § 1232g(b)(6)(B)(permitting disclosure of disciplinary records).

Finally, the minutes of the April 13, 2006, Board meeting are a public record subject to disclosure under Kentucky's Open Records Act; therefore, Defendants did not err by including the minutes as an exhibit.  KRS 61.870-61.884.  The Open Records Act requires that any person be permitted to inspect public records.  KRS 61.872(2). Public records include all documentation prepared, used, or retained by a public agency[1], a broad category into which the minutes of the Board meeting would fall.  KRS 61.870(2).  As the minutes of the Board meeting were a public record open to inspection, Defendants did not err by failing to redact the Plaintiff's name from the minutes.  Redaction of Plaintiff's name from the exhibit would have no practical effect, as any person desiring to know Plaintiff's full name would have access to those minutes under the Open Records Act.

For the foregoing reasons, **IT IS ORDERED:**

1) that Plaintiff's motion to strike [Record No. 12] be, and the same hereby is, **DENIED**.

2) that Plaintiff's request, contained in the motion to strike,

---

[1] Pursuant to KRS 61.870(1)(d), a school board is a public agency within the scope of the Open Records Act.

-3-

to impose sanctions on Defendant be, and the same hereby is, **DENIED**.

This 2nd day of October, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge